IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS



| | |
|---|---|
| IN RE TORRES LITIGATION. | Civil No.: A20 CV 269 RP |
| DR. LEAH N. TORRES, <br><br>         Plaintiff, <br><br> v. <br><br> THE WESTERN JOURNAL, LLC; LIFTABLE MEDIA, INC.; and THE DAILY CALLER, INC., <br><br>         Defendants. | Civil No. 2:19-cv-00175-BSJ <br> United States District Court <br> District of Utah |

### PETITIONERS UPLAND SOFTWARE, INC. AND POSTUP DIGITAL, LLC'S MOTION TO QUASH

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 45(d)(3), third-party Petitioners Upland Software, Inc. ("Upland") and PostUp Digital, LLC ("PostUp") (collectively, "Petitioners") hereby move to quash two third-party subpoenas (one to each of the Petitioners) issued by Plaintiff Dr. Leah N. Torres ("Plaintiff") in the above-captioned case in the United States District Court for the District of Utah.

**I.    Plaintiff Filed This Case in Utah and Is Seeking Jurisdictional Discovery from Petitioners.**

Plaintiff filed matter number 2:19-cv-00175 in the United States District Court for the District of Utah on March 13, 2019, alleging that Defendants The Western Journal, LLC; Liftable Media, Inc.; and The Daily Caller, Inc. (collectively, "Defendants") are liable for defamation, false light invasion of privacy, intentional infliction of emotional distress, and tortious inference for

their publication of certain statements concerning Plaintiff, who was a resident of Utah during all times relevant to the case. *See* Ex. A-1 at 1-3, 15-20, Complaint, *Torres v. Western Journal*, No. 2:19-cv-00175-BSJ, ECF No. 2 (D. Utah Mar. 13, 2019). Defendants Western Journal and Liftable Media (the "Liftable Defendants") filed a Motion to Dismiss on May 28, 2019, for lack of personal jurisdiction. *See* Ex. A-2 at 1-3, Motion to Dismiss for Lack of Personal Jurisdiction, *Torres v. Western Journal*, No. 2:19-cv-00175-BSJ, ECF No. 22 (D. Utah May 28, 2019). Plaintiff responded substantively and, in the alternative, asked for limited jurisdictional discovery. *See* Ex. A-3 at 1-3, Opposition to Motion to Dismiss, *Torres v. Western Journal*, No. 2:19-cv-00175-BSJ, ECF No. 28 (D. Utah June 25, 2019). Subsequent to that request, the court issued an order granting limited jurisdictional discovery, with a discovery deadline of November 29, 2019. *See* Ex. A-4 at 1-3, Limited Jurisdictional Discovery and Scheduling Order – Motion to Dismiss, *Torres v. Western Journal*, No. 2:19-cv-00175-BSJ, ECF No. 44 (D. Utah Mar. 13, 2019). That deadline was extended at least three times and expired on March 13, 2020. *See* Ex. A-5, Docket, *Torres v. Western Journal*, No. 2:19-cv-00175-BSJ (D. Utah Mar. 16, 2020); Ex. A-6 at 2, Order Extending Supplemental Briefing Timelines and Continuing Hearing on Motion to Dismiss, *Torres v. Western Journal*, No. 2:19-cv-00175-BSJ, ECF No. 60 (D. Utah Feb. 11, 2020).

Pursuant to her arguments regarding personal jurisdiction, on March 3, 2020, Plaintiff issued two third-party subpoenas, one to each of Petitioners, seeking information regarding the Liftable Defendants' use of an email platform provided by Petitioner PostUp, including whether the Liftable Defendants used that platform to target individuals in Utah. *See* Exs. B-1, B-2. The deadline to respond to those subpoenas was fourteen days later, on March 17, 2020. *See id.*

## II.     The Court Should Quash the Subpoenas Because the Deadline for Jurisdictional Discovery in the Underlying Case Has Passed.

The Court should quash the subpoenas issued to Petitioners because jurisdictional discovery ended on March 13, 2020. As this Court has repeatedly noted, discovery requests whose deadline for response falls beyond the discovery deadline are out-of-time and unenforceable. *See, e.g., Carter Tool Co., Inc. v. United Fire & Cas. Co.*, No. MO:18-CV-0163-DC-RCG, 2019 WL 7763956, at *1 (W.D. Tex. Aug. 19, 2019); *Kelly v. Cowboy's Motorsports of San Antonio, LLC*, No. SA-12-CA-347-FB, 2013 WL 12345010, at *6-8 (W.D. Tex. Oct. 15, 2013). The District of Utah—where the underlying case is pending—follows the same rule. *Holmes v. Utah*, No. 2:12-cv-1098, 2014 WL 1329352, at *1 (D. Utah Apr. 2, 2014) ("Having determined that a request for documents under Rule 45 is discovery, the question is whether a party may use the Court's subpoena power to compel document discovery after the Court's discovery cutoff date. The answer is no." (internal quotation marks omitted) (quoting *Engles v. Hilti, Inc.*, No. 11-CV-491-GKF-PJC, 2012 WL 6726441, at *1 (N.D. Okla. Dec. 27, 2012)).

Plaintiff issued the current subpoenas to Petitioners on March 3, 2020, only ten days before the jurisdictional discovery deadline of March 13, 2020. *See* Exs. B-1, B-2, A-6. However, the subpoenas set the deadline for compliance on March 17, 2020, *fourteen days* after they issued, likely because Rule 45 requires a subpoena to allow the responding party a "reasonable time to comply," which the District of Utah (like many courts) has determined to be at least fourteen days. *See, e.g., SEC v. Art Intellect, Inc.*, No. 2:11-cv-00357-TC-DN, 2012 WL 776244, at *3 (D. Utah Mar. 7, 2012) (holding that a subpoena that required attendance at a deposition three days after it issued failed to comply with Rule 45 because "anything less than fourteen days from the date of service is not reasonable"). Thus, if Plaintiff had placed the compliance deadline on March 13, 2020—the last day of jurisdictional discovery—she would not have given Petitioners a "reasonable

3

time to comply" under the law. By placing the deadline to respond *beyond* the close of jurisdictional discovery, however, Plaintiff has rendered the subpoenas unenforceable because they are out-of-time. *See Kelly*, 2013 WL 12345010 at *6-8. Finally, Plaintiff has had ample opportunity to conduct jurisdictional discovery, which started over five months ago in October 2019, and has been extended three times, *see* Exs. A-4, A-5, A-6; thus, good cause does not exist to create an exception to the deadlines here.

### III. CONCLUSION

For these reasons, Petitioners respectfully request that the Court quash the subpoenas.

March 13, 2020

Respectfully submitted,

**SOLTERO SAPIRE MURRELL PLLC**
7320 N. MoPac Expressway, Suite 309
Austin, Texas 78746
512-787-1436

By: /s/ Matthew Murrell  *Matthew Murrell*
    Matthew Murrell
    State Bar No. 24083545
    matthew@ssmlawyers.com

**ATTORNEY FOR PETITIONERS UPLAND SOFTWARE, INC. & POSTUP DIGITAL, LLC**

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred in good faith with Erin E. Byington, counsel for Plaintiff Dr. Leah N. Torres, on March 13, 2020, prior to filing this motion. Ms. Byington confirmed that Dr. Torres is opposed to the relief sought herein.

I certify that I contacted Erin Byington and other counsel of record for Plaintiff Dr. Leah N. Torres on March 13, 2020, prior to filing this motion. At the time of the filing of this Motion, counsel had not responded and is presumptively opposed to the Motion.

/s/ Matthew Murrell
Matthew Murrell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on Plaintiff's and Defendants' counsel by way of:

☒ Electronic Mail

on this 13th day of March, 2020.

**Plaintiff's Counsel:**

Erin E. Byington (UT Bar #13660)
Samuel A. Goble (UT Bar #12102)
BYINGTON & GOBLE, PLLC
105 West 200 North
Logan, Utah 84321
Telephone: (435)754-7622
Facsimile: (435)213-2813
Email: erin@byingtongoble.com
Email: sam@byingtongoble.com

Carrie Goldberg (NY Bar #4542411)
C.A. GOLDBERG, PLLC
16 Court Street, 33rd Floor
Brooklyn, NY 11241
Telephone: (646)666-8908
Facsimile: (718)514-7436
Email: carrie@cagoldberglaw.com

**Defendants' Counsel:**

Jeffrey J. Hunt
Davis C. Reyman
Sara Meg Nielson
PARR BROWN GEE & LOVELESS, P.C.
101 S 200 E, Suite 700
Salt Lake City, UT 84111
Counsel for The Western Journal and Liftable Media

Richard K. Glauser
David A. Glauser
LEWIS BRISBOIS BISGAARD & SMITH LLP
1218 E 7800 S, Suite 300
Sandy, UT 84094
Counsel for The Daily Caller

John S. Poulos
LEWIS BRISBOIS BISGAARD & SMITH LLP
2020 W. El Camino Ave., Suite 700
Sacramento, CA 95833
Counsel for The Daily Caller

/s/ Matthew Murrell
Matthew Murrell